**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Case No. 3:24-cv-00002-MOC-SCR**

|  |  |
|---|---|
| TRIBIKE TRANSPORT, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>HORIZON ENTERTAINMENT CARGO<br>CORPORATION, HORIZON<br>ENTERTAINMENT, LLC, ALEX<br>KNOWLES, AND INTELLIGENT SCM,<br>LLC,<br><br>         Defendants. | **CONSENT CONFIDENTIALITY AND**<br>**PROTECTIVE ODER** |

This matter is before the Court upon the request of all parties for entry of this Consent Confidentiality and Protective Order. Plaintiff and Defendants agree that certain submissions to the Court, the production of documents, and other information may contain proprietary or confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), and it further appears to the Court that justice requires that the parties and any subpoenaed third parties be protected in connection with the disclosure of documents, correspondence, communications, and related information. For good cause shown, it is therefore **ORDERED** pursuant to Federal Rule of Civil Procedure 26(c) that:

1. **Scope.** All documents and data, including electronically stored information, filed by or produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery, including any discovery from third parties, shall be subject to this Consent Confidentiality and Protective Order (the "Protective Order").

2. **Purpose.** Documents and information specified herein shall be entitled to

protection from disclosure as provided in this Protective Order.

3. **"Confidential Information" Defined.** "Confidential Information," as used in this order, refers to sensitive, non-public information, whether documentary or otherwise, that is designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and delivered or produced by any party in the course of discovery or by any third party pursuant to a subpoena in this action. Material may be marked as "Confidential" if the party producing the material reasonably and in good faith believes that it contains proprietary business, financial, or other commercially sensitive information or other non-public, sensitive information. Material may be marked as "Highly Confidential – Attorneys' Eyes Only" if the party producing the material reasonably and in good faith believes that it is so highly sensitive and is of such a nature that disclosure to persons other than those listed in paragraph 5 would create a substantial risk of economic injury that could not be avoided by less restrictive means.

4. **Access to documents marked Confidential.** Access to Confidential documents shall be restricted to the following persons:

      a.      parties to this action;

      b.      law firms of record of the parties to this action and such firms' attorneys and staff;

      c.      any person specially employed or engaged in this action by a party or its attorneys as an expert, consultant, or vendor;

      d.      the Court and its personnel;

      e.      court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

      f.      private arbitrators and mediators;

g.      actual or potential deposition, hearing, or trial witnesses in this action, but only to the extent reasonably necessary to prepare the witness to testify or to question the witness at a deposition, hearing, or trial;

h.      any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information in the document; and

i.      any other person as agreed upon by the parties to this action in writing or authorized by the Court.

5.      **Access to documents marked Highly Confidential – Attorneys' Eyes Only.** Access to Highly Confidential – Attorneys' Eyes Only documents will be limited to:

a.      the Court and its personnel;

b.      law firms of record and in-house counsel for the parties to this action and such firms' attorneys and staff;

c.      court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

d.      private arbitrators and mediators;

e.      any person specially employed or engaged in this action by a party or its attorneys as an expert, consultant, or vendor;

f.      actual or potential deposition, hearing, or trial witnesses in this action, but only to the extent reasonably necessary to prepare the witness to testify or to question the witness at a deposition, hearing, or trial; and

g.      any other person as agreed upon by the parties to this action in writing or authorized by the Court.

6.      **Exhibit A to Protective Order.** Persons identified in Paragraphs 4.c, 4.g, 4.i,

5.e, 5.f, or 5.g of this Order shall be provided Documents designated Confidential Information under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached hereto as the "Acknowledgment of Consent Confidentiality and Protective Order."

7.     **Designation of Materials as Confidential Information.**  To designate materials (whether in hard-copy or electronic form) as Confidential Information, the party producing that information shall mark the material Confidential Information, as appropriate.  For hard-copy or electronic materials that are produced in a graphical form, the word CONFIDENTIAL or the words HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall appear on every page at the time of production.  For electronic or other materials that cannot be produced in a graphical form, the party producing the materials shall inform counsel for all parties or non-parties (or the parties/non-parties themselves, if not represented) at the time of production that the material is Confidential Information and the degree of protection designated under this Order.

8.     **Documents and Materials Produced by Non-Parties.**  In the case of documents or materials produced by non-parties pursuant to a subpoena, a party wishing to designate such material as Confidential Information shall so notify counsel for all other parties, in writing.  Any non-party may designate information produced by the non-party as Confidential Information.  The party that served the subpoena should provide all materials produced in response to the subpoena to counsel for all other parties.  During the next thirty (30) days after the subpoenaed materials have been provided to all counsel, each party shall have an opportunity to designate some or all of those materials as Confidential Information.  During this thirty-day window, counsel for all parties shall treat all materials produced in response to the subpoena as if they are Confidential Information.

9.     **Demands for Production by Non-Parties.**  No Confidential Information materials

or portions of such materials shall be disclosed to any governmental agency or otherwise made public, specifically including posting on the Internet, except in compliance with the terms of this Order. In the event that a person or party that is in possession of Confidential Information receives a demand, subpoena, or other request to produce any Confidential Information materials from any non-party, including any government agency or judicial body, that person or party shall immediately notify the party that originally designated the materials as Confidential Information of the demand, subpoena, or other request, and shall not produce the requested materials without first giving the Producing Party or Producing Non-Party an opportunity to oppose the requested production. Nothing in this paragraph or Protective Order shall require a party (i) to disclose the existence of a demand, subpoena, or other request to produce Confidential Information to a non-party, or (ii) to prohibit production of Confidential Information to a non-party, if requiring disclosure or prohibiting production would violate any other applicable law.

10. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as Confidential Information shall not be deemed a waiver, in whole or in part, of the right to designate documents. In the event that the producing person inadvertently fails to designate discovery material as Confidential Information, it may subsequently designate that material as Confidential Information by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the party or parties to whom production has been made shall treat the designated discovery material as Confidential Information subject to its right to dispute such designation in accordance with Paragraph 14 of this Order.

11. **Effect on Attorney-Client Privilege and Work Product Immunity.** Inadvertent production of documents subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity

or privilege, provided that the producing party shall, upon discovery of the inadvertent production, promptly notify the receiving party in writing of such inadvertent production. Upon notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any receiving party's litigation-support or other database. Within five (5) business days of such a notices, the receiving party shall verify in writing that the document(s) were destroyed, returned, and/or deleted. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Nothing in this provision shall prevent a party from challenging the applicability of the claimed privileged after such material has been returned.

12.     **Depositions.**     In the case of deposition testimony, Confidential Information designations may be made during the deposition and in any event shall be made within thirty (30) days after the final transcript has been received by counsel making the designation. Any post-deposition designation shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript.

13.     **Protection of Confidential Information.**     Documents or materials designated Confidential Information under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes other than preparing for and conducting this action in which the documents were disclosed (including any appeal).

14.     **Filing and Use at Trial.**     In the event that a party in this action or a third party wants to file with or submit to the Court any document or material designated as Confidential

Information by any other party or non-party, that party shall first notify the designating party and attempt to reach agreement regarding filing Confidential Information not under seal. If the Parties cannot reach agreement on that point, the party shall file the information provisionally under seal pursuant to motion in compliance with the Court's Local Rules. If the designating party desires to make a submission to the Court that contains Confidential Information, and it further believes the submission should be filed under seal, it shall file the information provisionally under seal pursuant to motion in compliance with the Court's Local Rules. If the designating party is not the same as the party desiring to make the submission to the Court of Confidential Information, the party making the submission shall provisionally file the submission by motion under seal in compliance with the Court's Local Rules.

Parties who seek to file confidential documents shall follow the requirements of Local Civil Rule 6.1 and Section II-A-11 of the Court's Administrative Procedures Governing Filing and Service by Electronic Means. If the party files a memorandum in support of the motion to seal that includes disclosure of information designated confidential pursuant to this Order, the party shall file the memorandum under seal.

Until the Court rules on the sealing motion, any document provisionally filed under seal shall be treated by the Parties as if it is Confidential Information under the terms of this Order unless otherwise ordered by the Court or agreed to by the Parties.

15. **Challenges to Designation as Confidential Information.** In the event that a party objects to the designation of materials as Confidential Information, that party shall advise the designating party, in writing, preferably by electronic mail, of that objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within five business days. If the dispute cannot be resolved among the parties, the party objecting to the designation of a document or materials as

Confidential Information may submit a motion to the Court objecting to the designation. The burden to sustain the Confidential Information designation is upon the designating party.

16. **Scope of Discovery.** This Confidentiality and Protective Order shall not enlarge or affect the proper scope of discovery in this action or any other litigation, nor shall this Protective Order imply that discovery or other material designated as Confidential Information under the terms of this Protective Order is properly discoverable, relevant, or admissible in this action or any other litigation.

17. **Treatment on Conclusion of Litigation.** The terms of this Confidentiality and Protective Order shall survive and remain in effect indefinitely after the termination of this action. After final resolution of this action, the Consenting Parties shall return or certify as destroyed all Confidential Information produced to them by any other person or entity in relation to this action.

18. **Treatment of a Party's Own Confidential Materials.** Any Party may expressly waive in writing the applicability of any provision of this Protective Order to any of the Party's own Confidential Information materials. The waiver will apply only to the Confidential Information materials, or to portions to which the applicability of any provision of this Agreement is expressly waived. A partial waiver as to certain Confidential Information materials or portions of it does not constitute a waiver as to the remainder of the Confidential Information materials.

19. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any Consenting Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Consenting Parties shall have been given notice and an opportunity to be heard on the modification.

20. **No Judicial Determination or Waiver.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing in this Protective Order shall be construed or presented as a waiver by any Consenting Party or a judicial determination that any specific document or item of information designated as Confidential Information is subject to protection until such time as a document-specific ruling shall have been made.

21.     **Persons Bound.**  This Protective Order shall take effect when signed and filed by counsel for the parties and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**.

Signed: November 12, 2024

_____

Susan C. Rodriguez
United States Magistrate Judge

WE CONSENT:

This the 5th day of November, 2024.

/s/Lee D. Denton
Matthew W. Georgitis
N.C. State Bar No. 32688
mgeorgitis@spilmanlaw.com
Lee D. Denton
N.C. State Bar No. 47695
ldenton@spilmanlaw.com
SPILMAN THOMAS & BATTLE, PLLC
110 Oakwood Drive, Suite500
Winston-Salem, NC27103
Telephone: 336-725-4710
Facsimile: 336-725-4476

*Attorneys for Plaintiff*

/s/ Joshua B. Durham
Joshua B. Durham
N.C. State Bar No. 25414
jdurham@belldavispitt.com
Edward B. Davis
N.C. State Bar No. 27546
ward.davis@belldavispitt.com
BELL, DAVIS & PITT, P.A.
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: 704-227-0400
Facsimile: 704-227-0178

*Attorneys for Defendants Horizon Entertainment
Cargo Corporation and Horizon Entertainment,
LLC*

/s/ Jennifer K. Van Zant
Jennifer K. Van Zant
N.C. State Bar No. 21280
jvanzant@brookspierce.com
Lindsey S. Barber
N.C. State Bar No. 57680
lbarber@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Telephone: 336-373-8850
Facsimile: 336-378-1001

*Attorneys for Defendants Alex Knowles and
Intelligent SCM, LLC*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Case No. 3:24-cv-00002-MOC-SCR**

| | |
|---|---|
| TRIBIKE TRANSPORT, LLC, | |
| Plaintiff, | |
| vs. | **ACKNOWLEDGMENT OF CONSENT CONFIDENTIALITY AND PROTECTIVE ODER** |
| HORIZON ENTERTAINMENT CARGO CORPORATION, HORIZON ENTERTAINMENT, LLC, ALEX KNOWLES, AND INTELLIGENT SCM, LLC, | |
| Defendants. | |

I, _____, hereby affirm that:

1.     Information, including documents and things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (collectively, "Confidential Information") as defined in the Consent Confidentiality Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.     As a prior condition to me being permitted to receive, see, or review any Confidential Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

3.     I understand that the Protective Order is a Court Order that is legally binding upon me.  I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgment, and agree that such jurisdiction shall survive the termination of this action.

4.    I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information as Confidential Information or by Order of this Court.  I also agree to notify any stenographic, clerical, technical, or other personnel who assist me of the terms of this Protective Order and its binding effect on them.

_____
Signature

Printed Name:_____

Date:_____